**Dated: August 9, 2017**

**The following is ORDERED:**



_____
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

JAMES M. COX, JR.                                    Case No. 17-80820-TRC
MICHELLE D. COX,                                    Chapter 13

                              Debtors.


<u>ORDER DENYING MOTION TO  EXTEND AUTOMATIC STAY</u>

Before the Court is Debtors' Motion to Extend Automatic Stay pursuant to 11 U.S.C.

§ 362(c)(3) (Docket Entry 4).  This Motion drew three objections:  Objection of Trustee William

Mark Bonney (Docket Entry 14), Objection of Creditor FirstBank (Docket Entry 36) and

Objection of Creditor Citizens Bank of Ada (Docket Entry 37).  The Court held an evidentiary

hearing on August 3, 2017, in which Debtor James M. Cox was the only witness.  After hearing

his testimony and reviewing the information presented by all parties, the Court finds that

Debtors' Motion must be denied.

Debtors filed this case July 26, 2017.  Debtors have filed several bankruptcy cases.  Their

case immediately preceding this one, Case No.16-80954, was a chapter 13 case filed on

September 7, 2016.  That case was dismissed on May 12, 2017 for failure to prepare and file tax

returns, failure to make plan payments, and failure to provide monthly operating reports.  This

Court presided over that case and is familiar with its history.  In Case No. 16-80954, Debtors

made repeated assurances that they would prepare and file the required tax returns, and that they

had the ability to make plan  payments.  Shortly before dismissal, however, the Trustee reported

that Debtors had paid only $9,100.00 over the span of their eight months' old case.[1]  Monthly

plan payments were proposed to be $6,695.00 a month.[2]  A plan was never confirmed.

Debtor James Cox is self-employed and contracts with utility companies to perform

maintenance and repairs on power lines.  Prior to filing Case No. 16-80954, Creditor Citizens

Bank of Ada repossessed some of the same equipment Debtors now seek to have returned.[3]

Debtors filed a Motion to Turnover, seeking return of equipment needed to generate income and

fund a plan.[4]  Citizens Bank of Ada returned the property to Debtors.  Nevertheless, Debtors were

unsuccessful in making plan payments and preparing tax returns and the case was dismissed.

After dismissal, Creditors Citizens Bank of Ada and FirstBank repossessed some of their

collateral, so Debtors have returned to bankruptcy court seeking extension of the automatic stay,

and turnover of most of the repossessed equipment.

---

[1]Case No. 16-80954, Trustee's Supplement to the Motion to Dismiss, Docket Entry 151.

[2]Case No. 16-80954, Debtors' Amended Plan and Summary, Docket Entry 140.

[3]Case No. 16-80954, Debtors' Motion to Turnover Property, Docket Entry 44.  Another creditor, Arbuckle Federal Credit Union, also repossessed property prepetition and was the target of another Motion to Turnover Property, Docket Entry 41.

[4]Case No. 16-80954, Debtors' Amended Withdrawal of Document, Docket Entry 73.

Where debtors had a previous case pending that was dismissed during the twelve months prior to the filing of the current case, the automatic stay is limited to thirty days from the petition date of the new case. 11 U.S.C. §362(c)(3)(A). The stay can be extended beyond thirty days by motion but only if the party seeking the extension can demonstrate that the filing of the new case is in good faith as to the creditors to be stayed. 11 U.S.C. §362(c)(3)(B). By statute, debtors seeking an extension of the stay beyond thirty days as to all creditors are presumed to have not filed the case in good faith if any of the circumstances exist as identified in 11 U.S.C. §362(c)(3)(C)(i). Circumstances giving rise to the presumption in this case are that Debtors failed to file required documents in the previous case without substantial excuse (§362(c)(3)(C)(i)(II)(aa)), and that there has not been a substantial change in the financial or personal affairs of the debtors since dismissal of the previous case (§362(c)(3)(C)(i)(III)).[5] To prevail on their Motion, Debtors must rebut the presumption by clear and convincing evidence.

Debtors' motion states that their case was filed in good faith, and that their circumstances have substantially changed since dismissal less than three months ago. They state that they have filed all the necessary tax returns, and that Debtor James Cox's health has improved. Mr. Cox testified that he receives medical treatment, including prescription medication, to deal with anxiety and depression caused by numerous stresses in his life. These include the stress of his dangerous occupation of working on high voltage power lines, and a family tragedy that left their

---

[5]The objecting creditors and the Trustee argue that there has been no change in circumstances since dismissal of the previous case. Also, another circumstance giving rise to the presumption that is arguably applicable in this case is that Debtors failed to perform the terms of a confirmed plan in their last case (§362(c)(3)(C)(i)(II)(cc)). Their plan was never confirmed but they were unable to make payments in their proposed plan. However, the presumption has been met by other circumstances set forth in §362(c)(3)(C)(i) so the Court need not decide if Debtors meet this criteria.

adult son unable to work. Prescribed medications rendered Mr. Cox unable to work during part of the term of the previous case. His medications have been changed, and he believes he is now in better health to be able to work, gain income and make plan payments. Debtors presented a note from Chris Meyer, MD, dated August 2, 2017, that states James Cox is his patient, that Cox has been treated for anxiety and depression since June 2012, and that Cox has been prescribed two medications. Dr. Meyer states that any further medical information will require a medical records request. There is no address or phone number other than a logo of "Mercy" on Dr. Meyer's note.

Currently, Mr. Cox has a contract to provide power line services to one company, Peoples Electric Company ("PEC"). He has worked as a contractor for PEC for eight years. He last worked on July 17th and July 24th. He is paid based upon the units that need work. He can only estimate his income because he must assess each site to know what work needs to be done and what amount he may bill to PEC. He is confident that he can earn $1,000 per day of work, and he believes he has sufficient commitments from PEC to provide enough work to last through next year. However, Cox could not guarantee any basic level of income because there are too many variables involved with his work. He plans to submit weekly bills to PEC, which should satisfy the Trustee's issue with proper reporting of receivables. He feels much better on the new medication and believes he will have more income during this bankruptcy to be able to adequately fund plan payments. Debtors have employed an accountant who has prepared the 2016 tax returns. This accountant will provide all necessary bookkeeping and accounting services during this bankruptcy case for the fee of $300 per month.

Regarding their expenses, Mr. Cox stated that he is downsizing his business and does not

need as much equipment as in their previous chapter 13 cases. Cox is only seeking the return of some of the repossessed collateral. This change will allow him to reduce plan payments to a more affordable level. Under questioning by FirstBank's counsel, Cox stated that he needs two bucket trucks to perform his work, and that he can operate both trucks without needing to hire additional help. He reiterated that his medical issues have changed since his previous bankruptcy case and that he will be able to earn regular income during this case. He earned $400,000 in income in 2012 with 12 employees. Currently, he has no employees other than himself, but believes he can work enough to generate $1,000 per day in income. He stated that all of the equipment that had been repossessed had been insured while he had possession of it. If returned, he promised that he will insure the equipment as required.

Mr. Cox acknowledged the following previous bankruptcy cases:

| YEAR | FILED | CASE NO. | CHPT | STATE/DISTRICT | DISPOSITION |
|------|-------|----------|------|----------------|-------------|
| 1993 | 6/1/1993 | 93-10106 | 7 | AR-E | Discharged 9/21/1993 |
| 2002 | 3/4/2002 | 02-12500 | 13 | AR-E | Dismissed 10/9/2003 |
| 2004 | 4/5/2004 | 04-14113 | 13 | AR-E | Dismissed 5/24/2004 |
| 2004 | 5/27/2004 | 04-16259 | 7 | AR-E | Discharged 12/10/2004 |
| 2015 | 4/29/2015 | 15-80431 | 13 | OK-E | Dismissed 5/14/2015 |
| 2016 | 9/7/2016 | 16-80954 | 13 | OK-E | Dismissed 5/12/2017 |
| 2017 | 7/26/2017 | 17-80820 | 13 | OK-E | Pending |

Mr. Cox admitted that none of their previous chapter 13 cases have been successful. He explained that the reasons for the dismissals were different for each case. He could not recall the issue in the 2002 case. Their attorney was to blame for the failure of the 2004 case. Schedules were never filed in the 2015 case, and they dismissed because their secured creditors offered to work out the loans outside of bankruptcy. The problem in 2016 was the unfiled tax returns and inability to make plan payments. He was overwhelmed by stress and medical issues in 2016.

The Court notes that the plan Debtors filed in the current case includes payments for back

taxes of $39,200 due for 2014, 2015 and 2016.  The proposed monthly plan payment is  $4,516,

with nearly all of that going to secured creditors while paying nothing to unsecured creditors.

This is a $2,179 reduction from the 2016 case's plan payment.  However, the previous case

proposed a 15% distribution to unsecured creditors.  Although their Motion states that tax returns

have now been filed and that the 2016 return is being amended, none of these returns were

offered into evidence. Cox testified that the returns had been prepared.  The Court also notes that

there are two pending motions to dismiss in this case: one filed by the Trustee one day after this

case was filed, and one filed by Citizens Bank of Ada six days after the petition.  The Court

rarely sees motions to dismiss filed so quickly after a case is filed.

   The Court has considered the totality of circumstances surrounding the Debtors and finds

that they did not rebut the presumption that their case was not filed in good faith by clear and

convincing evidence.  *See In re Montoya*, 333 B.R 449, 457-58 (Bankr. Utah 2005) citing *In re

Gier*, 986 F.2d 1326 (10th Cir. 1993).  Although there may be some change in  circumstances,

there has not been a substantial change in the financial or personal affairs of these Debtors since

the dismissal of their previous case, nor any other reason to conclude that Debtors will be able to

fully perform under a confirmed plan.  Their creditors have been down this road before:

repossession followed by a bankruptcy filing, followed by a request to turnover the repossessed

equipment to allow Cox to work, and earn enough money to pay their claims.  However, their

claims aren't paid and their collateral depreciates.  FirstBank's attorney reported that his client

has not been paid since May of 2016.   A review of these debtors' previous cases reveals many

second chances given to them, which were met with broken promises.  Nothing new was offered

that convinces the Court this time will be different.  The only circumstance that seems to have

changed is that some of Debtors' equipment was repossessed, and they want it back. Creditors had just enough time following dismissal of the last case to file replevin actions and repossess some of their collateral. Debtors appear to have engaged in a pattern of serial filings, having filed three chapter 13 cases in the last 30 months. Of the four previous chapter 13 cases, all were dismissed. This does not bode well for the current case, nor does it reflect good faith. The creditors have been negatively impacted by the multiple filings of these Debtors, and have not been paid for many months. *See Montoya*, 333 B.R 449. Based upon the totality of circumstances cited herein, the motion to extend the automatic stay should be denied.

IT IS THEREFORE ORDERED that Debtors' Motion to Extend the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3) (Docket Entry 4) is hereby **denied.**

###